## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

SHAWN L. JOHNSON,

               Plaintiff,

vs.                                             Case No. 11-cv
                                             Honorable

DEPUTY SHERIFF PATRICK MACERONI,
DEPUTY SHERIFF RUBEN PACHENKO,
DEPUTY SHERIFF DANIELLE WYSZCZELSKI,
DEPUTY SHERIFF BAKER, DEPUTY SHERIFF EHRLER
DEPUTY SHERIFF JAMIE BAGOS, jointly and severally,
individually and in their official capacities and
MACOMB COUNTY,

               Defendants.
_____/

Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, P.C.
Attorneys for Plaintiff
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
313-961-2255/Fax: 313-961-5999
conlitpc@sbcglobal.net

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

       Plaintiff, SHAWN L. JOHNSON, (JOHNSON) through his attorneys HUGH M. DAVIS

and CYNTHIA HEENAN of Constitutional Litigation Associates, P.C. and for his complaint

states as follows:

### Common Allegations, Jurisdiction and Venue

       1.      Plaintiff SHAWN L. JOHNSON is a citizen of the State of Michigan, residing in

Mount Clemens, Wayne County.

2.      Defendant PATRICK MACERONI (MACERONI) is or was at the time of the matters complained of a deputy sheriff employed by Macomb County Sheriff's Department, acting under color of law and within the scope and course of his duties.  He is sued in his individual and official capacity.

3.      Defendant RUBEN PACHENKO, (PACHENKO) is or was at the time of the matters complained of a deputy sheriff employed by Macomb County Sheriff's Department, acting under color of law and within the scope and course of his duties.  He is sued in his individual and official capacity.

4.      Defendant DANIELLE WYSZCZELSKI (WYSZCZELSKI) is or was at the time of the matters complained of a deputy sheriff employed by Macomb County Sheriff's Department, acting under color of law and within the scope and course of her duties. She is sued in her individual and official capacity.

5.      Defendant BAKER (BAKER) is or was at the time of the matters complained of a deputy sheriff employed by Macomb County Sheriff's Department, acting under color of law and within the scope and course of his duties.  He is sued in his individual and official capacity.

6.      Defendant EHRLER (EHLER) is or was at the time of the matters complained of a deputy sheriff employed by Macomb County Sheriff's Department, acting under color of law and within the scope and course of his duties.  He is sued in his individual and official capacity.

7.      Defendant JAMIE BAGOS (BAGOS) is or was at the time of the matters complained of a deputy sheriff employed by Macomb County Sheriff's Department, acting under color of law and within the scope and course of his duties.  He is sued in his individual and official capacity.

2

8.      MACOMB COUNTY is a governmental subdivision organized under the laws of the State of Michigan.

9.      This action arises under the Fourth Amendment of the United States Constitution, made actionable by 42 USC 1983.

10.     Jurisdiction is conferred by 28 USC 1331 (federal question) and 28 USC § 1343 (civil rights).

11.     Venue is proper in the Eastern District of Michigan pursuant to 28 USC § 1391 inasmuch as the acts complained of occurred there and all of the parties reside there.

12.     The acts of Defendants MACERONI, PACHENKO, WYSZCZELSKI, BAKER, EHRLER and BAGOS, were undertaken intentionally, willfully, wantonly, maliciously, sadistically and with callous disregard for JOHNSON's rights, health and wellbeing, entitling him to punitive damages under federal law and exemplary damages under state law.

### Common Allegations of Fact

13.     On February 7, 2008, at approximately 1:45 a.m., Defendant MACERONI was patrolling the City of Mt. Clemens on a very snowy night when he claimed to have observed a black male standing by the side of a pickup truck standing in a position which made it appear that he was urinating in the parking lot of Miller Brothers Creamery.

14.     Defendant MACERONI passed by, turned around and "a few minutes" later came back, and pulled in behind JOHNSON's truck, which by that time had been moved to the street, and activated his overhead lights,.  MACERONI agreed that, because of the freshly fallen snow, he could have tracked back to the position where he first saw JOHNSON beside his truck to determine if someone had in fact recently urinated there.  MACERONI never did this.

3

15.     Neither did any of the other Defendants who arrived on the scene.  Defendants never investigated the urinating in public by photograph or visual confirmation, although the spot could be identified by the tire tracks in the fresh snow.  Defendant MACERONI admitted that there would have been a wet spot in the snow as physical evidence had the investigation been made.  In fact, Johnson did not urinate in the parking lot.

16.     Plaintiff JOHNSON was wearing a coat when MACERONI first saw him. Defendant MACERONI claims he could tell from JOHNSON's posture that he was urinating, but could not see any of his body parts or know whether he wearing gloves.

17.     Defendant MACERONI obtained JOHNSON's identification and ran a LIEN check which he claimed revealed a possible warrant out of Southfield.  He asked dispatch for confirmation on the warrant and whether Southfield wanted him picked up and went back to remove JOHNSON from his vehicle. The alleged warrant was for failure to appear obviously a district court misdemeanor.  MACERONI told JOHNSON he had a "possible warrant out of Southfield" and asked him out of the vehicle.  In fact, there was no warrant.  JOHNSON got out of the vehicle.

18.     Defendant MACERONI put JOHNSON's hands on the truck and JOHNSON allowed himself to be searched.  MACERONI then attempted to arrest and hand cuff JOHNSON for the "possible warrant." At some point prior to this, MACERONI had called for backup.

19.     Defendant MACERONI forcibly removed JOHNSON's hands from the pickup truck in such a way to cause excessive pain to JOHNSON.  JOHNSON's body reacted to the pain and Johnson screamed, resulting in MACERONI using additional force to handcuff JOHNSON.

20.     Defendants PACHENKO, WYSZCZELSKI, BAKER, EHRLER and BAGOS arrived to see MACERONI and JOHNSON arguing about the pain and assisted MACERONI in pulling and pushing JOHNSON in differing directions, causing JOHNSON to be in additional pain.

21.     Defendants MACERONI, PACHENKO, WYSZCZELSKI, BAKER, EHRLER and BAGOS punched, kicked, stepped on, elbowed, and slammed JOHNSON's head onto the hood of the patrol car multiple times, using unnecessary excessive force and injuring JOHNSON.

22.     Defendant DANIELLE WYSZCZELSKI pepper sprayed JOHNSON in his face at point blank range while JOHNSON was being held by the Defendants, causing JOHNSON injury.

23.     Defendant DANIELLE WYSZCZELSKI was reprimanded for this action of using the pepper spray by the Macomb County Sheriff's Department.

24.     The acts complained of above by the Defendants, and each of them, proximately caused damage to Plaintiff JOHNSON, including, but not limited to:

      a.   Past, present and future pain and suffering;

      b.   Past, present and future mental anguish and emotional distress;

      c.   Medical expenses;

      d.   Mortification, shame, humiliation, fright and shock;

      e.   Loss of income; and

      f.   Loss of enjoyment of life.

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE
## Under 42 U.S.C. §1983

25.     Plaintiff incorporates by reference paragraphs 1 through 24 above as though fully stated herein, paragraph by paragraph, and word for word.

26.     The actions of Defendant MACERONI in detaining, stopping, searching JOHNSON without probable cause or further investigation were all violations of the Fourth Amendment safeguards against unreasonable seizures, made actionable by 42 USC § 1983.

27.     The damages described above by Plaintiff were proximately caused by said constitutional violations.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendant MACERONI, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT II
## ILLEGAL ARREST
## Under 42 U.S.C. §1983

28.     Plaintiff incorporates by reference paragraphs 1 through 27 above as though fully stated herein, paragraph by paragraph, and word for word.

29.     The actions of Defendant MACERONI in arresting, transporting, and booking JOHNSON without probable cause or further investigation were all violations of the Fourth Amendment safeguards against unreasonable seizures, made actionable by 42 USC § 1983.

30.     The damages described above by Plaintiff were proximately caused by said constitutional violations.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendant MACERONI, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

### COUNT III
### EXCESSIVE FORCE
### Under 42 U.S.C. §1983

31.     Plaintiff incorporates by reference paragraphs 1 through 30 above as though fully stated herein, paragraph by paragraph, and word for word.

32.     The actions of Defendants MACERONI, PACHENKO, WYSZCZELSKI, BAKER, EHRLER and BAGOS of punching, kicking, stepping on, elbowing, and slamming JOHNSON's head onto the hood of the patrol car multiple times was an unreasonable seizure in the form of excessive force under 4th Amendment, made actionable by 42 U.S.C. §1983.

33.     The damages described above by Plaintiff were proximately caused by said constitutional violations.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

### COUNT IV
### EXCESSIVE FORCE
### PEPPER SPRAY
### Under 42 U.S.C. §1983

7

34.     Plaintiff incorporates by reference paragraphs 1 through 33 above as though fully stated herein, paragraph by paragraph, and word for word.

35.     The actions of Defendant DANIELLE WYSZCZELSKI of pepper spraying JOHNSON at point blank range during the encounter was an unreasonable seizure in the form of excessive force under the 4th Amendment, made actionable by 42 U.S.C. §1983.

36.     The damages described above by Plaintiff were proximately caused by said constitutional violations.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendant DANIELLE WYSZCZELSKI in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT V
## FAILURE TO PROTECT
## Under 42 U.S.C. §1983

37.     Plaintiff incorporates by reference paragraphs 1 through 36 above as though fully stated herein, paragraph by paragraph, and word for word.

38.     Those Defendants unknown to Plaintiff, who were present and who did not assault JOHNSON at a time of the encounter, stood by when they had the opportunity to intervene to prevent his abuse by the other officers.

39.     Therefore, they failed to protect JOHNSON, an unreasonable seizure in the form of excessive force under 4th Amendment, made actionable by 42 U.S.C. §1983.

40.     The damages described above by Plaintiff were proximately caused by said constitutional violations.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT VI
## MUNICIPAL LIABILITY

41.     Plaintiff incorporates by reference paragraphs 1 through 40 above as though fully stated herein, paragraph by paragraph, and word for word.

42.     Johnson complained to the Macomb County Sheriff Department (MCSD) of his abuse by the individual Defendants, but nothing was done, except for the pepper spray, ratifying and condoning their actions.

43.     Defendant Macomb County, through the MCSD, has a custom, policy and practice of failing to train supervise or discipline its deputies for the excessive use of non-fatal force in warrantless street arrests and charging resisting and obstructing in order to justify their actions.

44.     Plaintiff Johnson's injuries were directly and proximately caused by the County's custom, policy and practice.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

Respectfully Submitted,

Constitutional Litigation Associates, P.C.


By:___*s/Hugh M. Davis*_____
Hugh M. Davis, P12555
Attorney for Plaintiff
450 W. Fort Street, Suite 200
Detroit, MI  48226
313.961-2255/Fax: 313.961-5999
conlitpc@sbcglobal.net

Date: February 7, 2011


## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys, hereby demand a trial by jury.


Respectfully Submitted,

Constitutional Litigation Associates, P.C.


By:___*s/Hugh M. Davis*_____
Hugh M. Davis, P12555
Attorney for Plaintiff
450 W. Fort Street, Suite 200
Detroit, MI  48226
313.961-2255/Fax: 313.961-5999
conlitpc@sbcglobal.net

Date: February 7, 2011